UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

SECOND CHANCE BODY ARMOR, INC.
n/k/a SCBA LIQUIDATION, INC.,

　　　Debtor.

Case No: GT 04-12515
Chapter 7

_____/

JAMES W. BOYD, TRUSTEE FOR SECOND
CHANCE BODY ARMOR, INC.,

　　　Plaintiff and Counter-Defendant,

Adversary Proceeding
No. 05-80019

v.

TOYOBO AMERICA, INC.,
TOYOBO CO., LTD., YOSHINARI OHIRA,
TADAO KUROKI, and MASAKAZU SAITO,

　　　Defendants and Counter-Plaintiffs.

_____/

## MEMORANDUM OPINION RESCINDING EVIDENTIARY RULING PROVISIONALLY ADMITTING PLAINTIFF'S TRIAL EXHIBIT 667

Appearances:

James J. Parks, Esq., Mark G. Cooper, Esq., Benjamin J. McCracken, Esq., and Heather M. Maldegen-Long, Esq., Jaffe, Raitt, Heuer & Weiss, P.C., Southfield, Michigan, attorneys for James W. Boyd, Chapter 7 Trustee.

Donald A. Snide, Esq., Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, Michigan, Konrad L. Cailteux, Esq., Debra A. Dandeneau, Esq., Michael J. Lyle, Esq., David R. Singh, Esq., Eric C. Lyttle, Esq., and Christopher D. Barraza, Esq., Weil, Gotshal & Manges LLP, New York, New York, and William A. Sankbeil, Esq., Kerr, Russell & Weber, PLC, Detroit, Michigan, attorneys for Toyobo Co., Ltd., Toyobo America, Inc., Masakazu Saito, Tadao Kuroki, and Yoshinari Ohira.

## I.  FACTUAL AND PROCEDURAL BACKGROUND.

In this adversary proceeding, Plaintiff James W. Boyd, the chapter 7 trustee (the "Trustee") for Second Chance Body Armor, Inc. ("Second Chance") alleges fourteen counts against Toyobo Co., Ltd., Toyobo America, Inc., and three individual Toyobo employees (collectively, "Toyobo").  Trial commenced on November 9, 2009, and to date, thirty-nine days of trial have been held.  The following facts are intended only to provide background for the evidentiary issue before the court, and do not constitute findings of fact in this adversary proceeding.

On July 20, 2010, while questioning Yoshinari Ohira, Toyobo's Manager of Marketing and Sales for North America from 1999 to 2002, and a named defendant in this adversary proceeding, the Trustee sought admission of Plaintiff's Exhibit 667.  Plaintiff's Exhibit 667 is an email dated September 19, 2003, purportedly written by Kenichi Tsuji at ITOCHU Corporation.  ITOCHU was the trading house through which Toyobo sold Zylon to weavers in the United States.  The weavers, in turn, supplied ballistic resistant fabric to Second Chance for use in Second Chance's bullet resistant vests.  The subject of the email is "Zylon / Discussions with Messrs. Saito / Kuroki / Matsumoto" and the body of the message details discussions that were held during a meeting between Mr. Tsuji of ITOCHU, Mr. Saito, Mr. Kuroki, and Mr. Matsumoto of Toyobo, and Toyobo's attorneys. The email is addressed to Tatsuya Kubo at ITOCHU, and four other ITOCHU employees are copied on the message.

Toyobo objected to the admission of Plaintiff's Exhibit 667 on grounds that it constituted hearsay and lacked proper authentication and foundation.  In an oral bench

2

ruling, the court provisionally admitted Plaintiff's Exhibit 667 pursuant to FED. R. EVID. 104(b).  Specifically, the court held that admission of the exhibit was conditioned upon factual findings at the conclusion of the case that ITOCHU was an agent of Toyobo in connection with the transactions in question.  Assuming such a finding could be made, and that the document could be later authenticated, the court explained that the document might not be hearsay under FED. R. EVID. 801(d)(2)(D) (a statement offered against a party which is a "statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay).  If no agency finding could ultimately be made, or if the document was not authenticated, the court explained that the exhibit would be expressly excluded from consideration and completely ignored by the court.

Responding to the court's ruling with permission by the court to supplement its argument, Toyobo reiterated its hearsay objection and argued that the Trustee had failed to lay an adequate foundation establishing the authenticity of the document.  Toyobo also asserted that, to the extent the court's ruling was based on grounds of potential agency, the document was subject to the attorney-client privilege and should be excluded from evidence on that basis.  The court considered Toyobo's arguments, but declined to alter its evidentiary ruling.  In large part, the court believed that provisionally admitting Plaintiff's Exhibit 667 was the best way to promote judicial economy and avoid the potential need to re-call Mr. Ohira, who currently resides in Thailand, at some point in the future.  After Plaintiff's Exhibit 667 was admitted, counsel for the Trustee did not question Mr. Ohira further about the document.

3

## II.  ISSUE.

The issue presented is whether this court should rescind its conditional admission of Plaintiff's Exhibit 667 into evidence over Toyobo's objection that the Trustee had failed to lay a proper foundation regarding the document's authenticity.

## III. DISCUSSION.

### A.  Authority to Reconsider Prior Evidentiary Ruling.

The court's oral decision to provisionally admit Plaintiff's Exhibit 667 is an interlocutory order, which is not subject to appeal until the court enters a final judgment in this adversary proceeding.  See *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 422 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton County*, 527 U.S. 198, 119 S. Ct. 1915 (1999) ("interlocutory orders entered by a trial court – such as discovery orders entered during pretrial proceedings, or evidentiary rulings made during trial – may not be reviewed by an appellate court until the trial court enters a final judgment disposing of all claims at issue in the case").  It is widely recognized that trial courts have the inherent authority to "reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.  A [trial] court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (internal citations omitted); *see also United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) (a trial court may reconsider its interlocutory orders "when it is consonant with justice to do so").  This court has determined, on its own initiative, to reconsider its evidentiary ruling regarding admission of Plaintiff's Exhibit 667.

4

## B. Admissibility of Plaintiff's Exhibit 667.

Federal Rule of Evidence 901 states the general requirement for authentication of a document. Rule 901(a) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 902 identifies several types of evidence that are "so well recognized as prima facie genuine" that they are considered self-authenticating. FED. R. EVID. 902; see 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 901.02[5] (2007). For evidence that is not self-authenticating, including e-mail messages, Rule 901(b) sets forth a non-exclusive list of ways in which the requirement of authentication may be satisfied. One of the most common ways to authenticate a document is for the proponent of the document to elicit testimony of a witness with knowledge that the document "is what it is claimed to be." FED. R. EVID. 901(b)(1). When the document involved is an e-mail communication, a "participant in, or recipient of, that communication" will generally be able to authenticate the communication, so long as the person "was able to perceive who communicated what."[1] Mark D. Robins, *Evidence at the Electronic Frontier: Introducing E-mail at Trial in Commercial Litigation*, 29 Rutgers Computer & Tech. L.J. 219, 226 (2003).

---

[1] There are numerous other ways to authenticate an e-mail communication under Rule 901. See generally Robins, 29 Rutgers Computer & Tech. L.J. at 227-28 (for example, an e-mail may be authenticated by showing that it was a reply to a duly authenticated message or through other circumstantial evidence, such as distinctive characteristics or writing style). The court need not rule on the adequacy of these alternatives, because the Trustee did not attempt to authenticate Plaintiff's Exhibit 667 through any of these means.

5

Although the requirements for authentication are minimal, the court finds that the Trustee, as proponent of Plaintiff's Exhibit 667, has not laid an adequate foundation to establish that the document is authentic. *See* FED. R. EVID. 901(a); *Weinstein's Federal Evidence* § 901.02[3] ("The proponent of an exhibit has the burden of introducing evidence sufficient to show that the exhibit is what the proponent claims it to be."). As Toyobo's counsel asserted, the document is a purely internal communication between employees of ITOCHU. The Toyobo witness who was questioned about the document, Mr. Ohira, is not listed as a recipient of the e-mail. In fact, at trial, Mr. Ohira testified that he had never seen the document before. (Unofficial Trial Transcript at 6199.) Nor was Mr. Ohira in attendance at the meeting described in the communication. (Unofficial Trial Transcript at 6199.)

Because Plaintiff's Exhibit 667 was neither self-authenticating, authenticated by a witness with knowledge, nor authenticated through any other permissible means, the court has determined to rescind its ruling provisionally admitting Plaintiff's Exhibit 667. Either party may seek admission of Plaintiff's Exhibit 667 in the future. All possible grounds for objection to admission of the document shall be considered by the court if and when admission is sought and an objection is lodged.

## IV. CONCLUSION.

For the foregoing reasons, the court's prior evidentiary ruling provisionally admitting Plaintiff's Exhibit 667 is rescinded and the document is not now admitted into evidence.

A separate order shall be entered accordingly.

Dated this 29th day of July, 2010
at Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

6